And we will hear the next case, which is Walker v. Artus. Thank you. Good morning, your honors. I'm Mr. Robert Rombadott with the Rombadott Law Office. I represent Appellant Timmy Lee Walker. This issue is before the court at this time, pursuant to a certificate of appealability, to address the specific issue as to whether or not a defendant has a right to be present during a resentencing. Now, there is a fundamental right, as granted by the Sixth Amendment, that every defendant be present at sentencing. And that right has been extended to a resentencing. In this matter, Timmy Walker made a successful collateral attack against the sentence that he received at the trial court level. However, the judge, Judge Lasik, proceeded to resentence Mr. Walker without either him being present or his attorney being present. The issues that were presented to them, I believe, through a 440-20 motion, didn't just address one issue of the sentencing. There were other issues that were addressed as well. The one portion that the judge did permit to resentence him upon was the resentencing upon the kidnapping as regards to Mr. Hubbard. He allowed that to run concurrently. However, the robbery issue still ran consecutively. Now, was this a, help me understand, was this a resentencing or a modification of the sentence? It was actually a resentencing. And how did we know that? A simple modification of the sentencing would be more or less along the lines of if we received information from some secondary source regarding, like I say, a pre-sentencing report. And we wanted to make sure that that information was correct. We made a sentencing based upon what we believed to be correct. However, there's been some amendments to that pre-sentence report. And we reviewed it. However, it doesn't influence our frontal determination. Do it why? Only makes it influence to the sentence. What makes it a modification? What does the court do in the scenario that you're just describing? We simply make a modification as to, per se, whether or not a prior act or a prior conviction could be considered as to whether or not he has to go up a level in regards to the amount of time to be served on a specific count. However, in this situation, he actually changed the sentence from consecutive to concurrent, but was only in particularized to one charge, the kidnapping. Whereas the only on the motion, the only relief that was ordered was with respect to whether the two counts, the sentences ran consecutively or concurrently, right? There were no other changes. No, no, there were no other changes. That was the only change. And the total sentence remained exactly the same? As to the other counts. Why isn't that a modification as opposed to a re-sentence? The re-sentencing from consecutive to concurrent is actually re-sentencing, because now you just adjusted this, and you just went from additional 50 years down to 25 years. And with the additional 25 years that still remained on the robbery, there was no additional arguments for that. But the court benefited, Mr. Walker. Well, the benefit, yes, there was a benefit. However, Did the court have any authority to change any other aspect of the sentence? Yes. Judge Lasik did have the final determination to make a further re-sentencing regarding the robbery count. That was completely within his authority, and he could have done that had there been additional arguments permitted. However, as I stated before, neither Mr. Walker or his attorney were permitted to be there at that time. And just because there was a benefit to Mr. Walker does not belie his right to still be present during that re-sentencing. To the extent that the judge did not change the robbery to concurrent instead of consecutive, what he was doing was essentially just denying your motion. You didn't need to be present for him to deny your motion, did you? You have no right, if somebody moves to reduce the sentence from consecutive to concurrent, and the judge says denied, the defendant doesn't have to have a right to be present when the judge says denied or writes denied, right? I don't have to be present for that to denial, Your Honor. However, That's what the judge did with respect to any request that the robbery be changed from consecutive to concurrent. Right? There was a denial, and that was essentially what did occur. However, there were additional arguments that could have been made, including Mr. Walker's claim that his previous conviction as a violent felon was actually incorrect. Of course, you're saying that there are 1,000 arguments he could make. But what I'm asking you is, the defendant doesn't have any right to be present, does he, for the judge to write denied with respect to a motion to reduce the sentence? Well, no, Your Honor. Right, that's what I thought. Not for denial. However, when there is a successful collateral attack and a re-sentencing is taking place, he does have that right. As you note, Parks, in your brief to us, and in Parks, the New York Court of Appeals says when it's impossible to tell which predicate offense served as the basis for a felony murder charge, it's proper for a court to modify the defendant's sentence so that all potential predicate offenses run concurrently with the felony murder charge. Doesn't that suggest that this was what happened here was a modification? That's what I'm stumbling over. Based on the Parks ruling, it would be correct had the judge actually made the application across the board, which did not occur here. He only applied it to the kidnapping and not the robbery. That is what distinguishes this from the Parks ruling. If it was applied across the board, then there would be no need for us to even be here today. Did you address these arguments to the sentencing judge? Did you address the arguments that you are making and that you made to the appellate division? Did you address those arguments to the sentencing court? Did you file a motion or use any other procedure to say, judge, he had a right to be present when you granted our motion to reduce a consecutive sentence to a concurrent sentence? Did you say that to the sentencing judge? The attorney at that time, again, wasn't present. And in the papers that were filed with the appellate court, it was addressed. However, the appellate court did state. I'm asking you whether a motion was made or some other request was made to the sentencing court to allow the defendant to be present after the sentencing court had done what you say was illegal, which was to grant your motion to reduce the sentence without the defendant being present. Did you then file a motion saying, judge, the defendant had a right to be present? And the answer to that, I take it, is no. You argued that to the appellate division, but you never argued it to the sentencing court. Well, there's nothing in the record to indicate that the trial attorney made an application to the judge at that time. Which means that you didn't, which means the answer to my question is no, right? No, sir. I guess that would be the correct answer. No, nothing, no application was made to the sentencing judge at that time. And isn't that the reason that the appellate division ruled against you? The appellate division stated that it wasn't properly before them. However, as this is a fundamental right, the appellate division could have heard that argument and the argument was in fact made to them. They decided and made a determination that it was not properly before them. The appellate division may have been wrong in its ruling, but the ruling was this is not properly before us, right? Yes, Your Honor. And the appropriate step at that time was then to bring it to the next level, which is the court of appeals, which it was in fact, an application was made that the court of appeals hear the matter, but it was in fact denied. And from there, the habeas corpus made to the district court. Bringing the matter back, it still brings us forth to the fact that neither the defendant or the attorney were present. Had they been present, they could have made those arguments at that time, which is why when this amendment was in fact established, they considered this fact that these arguments are to be made at that time. Should any other issues be raised, at that time to the sentencing judge to give them the opportunity to vet these arguments and to give them an opportunity to say, yay or nay, that is the right of the defendant in this matter. Now, in regards to the additional issues, the courts also stated that, especially in, I believe it was DeMott, that you can only have a resentencing if there is in fact prejudice. By them not being present, there is per se prejudice. However, the result being that there was not a resentencing regarding the robbery, equating to an additional 25 years, equates to actual prejudice against Mr. Walker. Thank you for your argument. You've reserved some rebuttal time. Thank you, Your Honor. William Brannigan for the Office of Richard A. Brown. Good morning, Your Honors. May it please the Court. First, Your Honors, Petitioner failed to exhaust his claim by raising the federal due process and Sixth Amendment claim before the Appellate Division. And in addition- He relied on state law? He relied on state law. He cited Sparber in his right to be present argument and only cited Lafler for the right to counsel argument in the Appellate Division, Your Honor. So he made no federal constitutional argument about the right to be present in the Appellate Division? That's correct, Your Honor. In addition, when the Appellate Division denied this claim, it stated that the matter wasn't properly before it and it was not. That was an adequate and independent state ground to deny the claim on. And a defendant can only overcome that by showing some cause and prejudice, which he can't do here, mainly because his argument is meritless. Your Honors, the distinction to be made in these cases between where a defendant has the right to be present and where he does not at a sentencing- Based on the procedural bar, so is the idea that after the trial court partially granted and denied the 440, he appealed and he needed to bring another 440 when it became clear that a proceeding had happened and he was not present at that proceeding? How would he have gone about lodging the objection below, is what I'm asking. There's certainly, he could have filed a second 440-20 motion claiming that the sentencing was illegal. He might have also just- Couldn't he have simply filed a motion after the judge did what it did, granted his motion in part to change the consecutive to concurrent. He could have filed a motion with the trial sentencing judge saying, you did this without my being present. I had a right to be present. I demand to be resentenced. That's correct, Your Honor. It's also possible he could have filed a notice of appeal from the sentence. He only filed in this case a discretionary leave application from the order denying or partially granting and partially denying the motion. Why does that make a difference? That was just another possible way he could have addressed it. I wouldn't have cured the failure to raise it at the sentencing level, which was the appellate division's reason for, we assume, the appellate's division reason for concluding that it was not properly before the appellate division. That's correct, Your Honor. That's correct, Your Honor. In addition, the defendant could have also, well, just to step back, the court shouldn't address the claim considering the procedural default because he can't show cause and prejudice. There's nothing in the criminal procedure law of New York is there that prevents a defendant after being sentenced in a manner that is in some way in violation of law to file a motion with the court, with the court that imposed the sentence, asking for correction of that error. Is there anything that prevents that? Oh, no, Your Honor. It's the opposite. It's the 440-20 motion that was used originally in this case to correct the concurrent versus consecutive issue could have been used for any, it's specifically meant for legal errors, and the 440-20 motion can be brought essentially at any point to correct the sentencing error. Well, I'm asking, I guess you may be answering my question, but a 440-20 is instituting a new proceeding, isn't it? Yes, Your Honor. And I'm asking whether, without instituting a new proceeding, without doing whatever a 440-20 requires, one can simply make, there already is a proceeding before the court. The court has modified the sentence without the defendant being present. Is there anything that prevents a defendant simply from filing a motion, not a 440-20, not a new proceeding, but simply the way you file a motion in the court for whatever you're seeking. The court, the case is before the Supreme Court, and you simply file a motion saying, please correct this error. Yes, Your Honor. I guess one issue that I'm having that I can't tell the court is that this is a particular proceeding. It was a proceeding under 440-20, and I'm not sure whether, for instance, a motion to re-argue or renew would be appropriate there, or what we would call that. It was on the 440-20. Yes, Your Honor. That the court had the case before it. Yes. And does he have to start a new 440-20 to say, hey, you made a mistake in disposing of my 440-20? I mean, while the court is considering the 440-20, he could file a motion saying, please give me discovery, please, he could ask for anything he wanted by a motion in that proceeding. And why doesn't that include a motion subsequent to the court's ruling, promptly subsequent to the court's ruling, saying, hey, you made a mistake in the way you disposed of my request? Yes, I see no reason why he couldn't do that. I have never seen this particular set of facts before, so I don't, I was answering as best I could. On the issue of whether this was a resentencing or a modification, what are your thoughts? This was a modification, Your Honor. And it was a modification because essentially the sentence, the underlying sentence remained intact. The only thing that was affected was how part of that sentence was ultimately run. And it was done for a legal reason. And the distinction between this and other cases is in a sentencing case where defendant's presence is required, those sentences are vacated sentences and new sentences. And the defendant's presence is required because his input is necessary at the sentencing, in theory at least, to affect the ultimate outcome. Whereas here, where you essentially have a motion partially granted and the sentence modified, the defendant's presence is not necessary because there was only a- The argument is that if the defendant had been present, he could have argued that the robbery sentence also should have run concurrently. Did the court have authority to do that in light of its ruling? Well, Your Honor, in light of the ruling, that sentence did not have to be, did not lawfully have to be run concurrently. And in the context of the 440-20, the court only has the discretion to correct illegal sentences. This sentence was otherwise legal as ultimately was found in the appellate division. So the defendants would have added nothing to the proceeding here. Well, could, I mean, could the court have done anything better in terms of a sentence for Mr. Walker? No, Your Honor, because there was no other illegal portion of this sentence. And there is nothing else in the law that would allow a discretionary change in the sentence at that juncture in the context of a 440-20 motion. Thank you. If the court has no further questions, the people rely on the brief. Thank you. To address an issue that Your Honor had made during the counter-arguments, whether or not a motion could be filed to state to the court that you made a mistake. That would, I state that would be equivalent to a motion to vacate or renew or re-argue. However, under the auspice of the 440-20 motion, which is actually to say that there has been an illegal sentencing or a wrongful sentencing based on the law, that type of motion is not actually appropriate at that time. You would, in fact, have to file a new 440 motion, either it be 440-20, 440-10, or some other portion of 440 to challenge the sentence itself, to bring it back once again to the court's attention and have a new proceeding to state, this is what my rights were at that time and we wish to be heard because of blank. What's your authority for that? That, as I was sitting here and I basically was able to hear Your Honor's statement once again regarding the issue of whether or not a motion was permissible to state to the trial judge, you made a mistake, I need to be there. It occurred to me that under the 440 motion, 440-20 motion of this type, which is to state that there has been an illegal sentencing, you're not, you can't just move to vacate that on a simple motion. You have to then go back and challenge the sentence once again. It's just not permissible under the way that it's written under the CPL for you to go back and challenge that 440-20 with a regular motion. You have to come at it again with a new proceeding. My adversary says, let's assume for the moment that there was no ability to lodge a more contemporaneous objection. Even if that's the case, there's no prejudice in this matter because there was no discretion on the judge's part to do anything other than what the judge did, which was correct the illegal portion of the sentence. He couldn't have made a different call in the robbery counter, done anything for your client other than what he did. So that would lead, even if this is a valid constitutional claim, his lack of presence would seem harmless if that's the case. See, I actually disagree because it's within the court's discretion to make corrections at any point in time when the issues are brought before it. The simple legality or illegality of the sentence as stated to the court under the 440-20, yes, this was inappropriate at that time. However, under the Parks ruling, it also states that the robbery count should have been modified or resentenced as well along with the kidnapping. Correct. Say that again, Your Honor. That's a legal question, correct? It is a legal question simply because it is within the court's discretion to maintain. The court had already ruled on it. The court had, even in its order, the court had already ruled that the robbery sentence would continue to run consecutively. So the request had already been made and to the extent there was disagreement, it seems the next step would have been the appeal. The appeal on the issue that the robbery count should have been done concurrently. I understand where Your Honor's coming from based upon the arguments that have been made and the issue. The issue, again, also stems from his ability to be present to make that argument to the judge at that time, which is why we're stating the Sixth Amendment right states that on a resentencing, the defendant must be there, his attorney must be there  so these issues can be vetted at the time of the resentencing. Thank you. Thank you both for your arguments today. We'll take the matter under advisement.